IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON, SC
2007 JAN 22 A 9 47

| | |
|---|---|
| Maurice Demond Lowery, #172345,<br>a/k/a Maurice Lowery,<br>a/k/a Maurice D. Lowery,<br>a/k/a Lord Musa God Allah,<br><br>        Plaintiff,<br><br>-versus-<br><br>Anthony Wright, Sgt.; Silas<br>Lovett, Officer; Scott<br>Dekreon, Lt.; Scott Lewis,<br>Major; and Ms. Holmes,<br>Grievance Official,<br><br>        Defendants. | C. A. No. 2:06-0510-TLW-RSC<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by an state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' summary judgment motion. 28 U.S.C. § 636(b).

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

On February 27, 2006, the plaintiff, Maurice Demond Lowery, sued Sgt. Anthony Wright, Officer Silas Lovett, Lt. Scott Dekreon, Major Scott Lewis, and Grievance Official Ms. Holmes, all employees of the South Carolina Department of Corrections (SCDC). The plaintiffسued the defendants in their individual capacities only and seeks damages and equitable relief. Lt. Dekreon has never been served a copy of the summons and complaint and seeks dismissal on that basis.

The plaintiff claims his constitutional rights were violated because he fell and injured his back coming out of the shower on October 13, 2004, while incarcerated at a SCDC facility. Defendant Officer Lovett took him out of the shower and that is when Plaintiff lost his balance and fell. Lovett got Defendant Lt. Dekreon who in turn called medical personnel. Plaintiff believes his fall was caused by the fact that defendant Sgt. Anthony Wright was "grossly negligent" when he did not follow prison protocol by not placing shower mats in the shower area.

The plaintiff further claims that he filed a grievance against Sgt. Wright concerning the shower fall and that defendant grievance officer Holmes sent the grievance to defendants Lewis and Dekreon who improperly tried to coerce him to dismiss his grievance. He did not dismiss his grievance and exhausted his administrative remedies by filing a Step 2 grievance about the shower fall. Plaintiff then filed a grievance against Holmes,

2

Lewis, and Dekreon about the perceived coercion, but the plaintiff believes that grievance was not properly acted upon.

On July 7, 2006, Plaintiff was provided a copy of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). On August 11, 2006, the plaintiff filed a response in opposition to the defendants' motion, and on August 14, 2006, the defendants filed a reply. Plaintiff next filed a pleading denominated "Brief in support of objections to defendant's summary judgment motion" on September 11, 2006, to which Defendants replied on September 12, 2006. That reply was filed again on September 20, 2006. On December 12, 2006, the plaintiff filed a motion asking the court to appoint a medical expert to examine his back and the defendants opposed that motion on December 27, 2006. Finally the plaintiff filed a reply on January 9, 2007. Hence, it appears consideration of the motions is appropriate.

### **SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to

3

establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only

where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## **FACTS**

The facts for purposes of the defendants' motion, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follow.

On October 13, 2004, while housed in the Special Management Unit (SMU), Plaintiff was escorted to the shower by Defendant Sgt. Anthony Wright. There were no shower mats on the floor and Sgt. Wright indicated that he would put them down when he had time. The plaintiff was subsequently taken out of the shower by Defendant Off. Lovett. As he was exiting the shower, Plaintiff slipped on the wet floor and fell, injuring himself.

Defendants Lovett and Wright filed sworn affidavits. Both affied that the basic shower procedure is that inmates in SMU have showers on Monday, Wednesday, and Friday. Plaintiff was a Level 2 SMU inmate on October 13, 2004, and therefore was required to be handcuffed behind his back before exiting his cell. Both affiants stated the officer will then escort the inmate to the shower and once the inmate is inside the shower and the shower door is locked, the handcuffs will be removed. Before the inmate is removed from the shower and escorted back to his

5

cell, he is again placed in handcuffs with his hands behind his back.  Wright stated in his affidavit that when inmates are to be taken for showers, the first thing he generally does is to put down shower mats, but he has no specific recollection as to whether mats were in place on that day when Plaintiff slipped.

Sgt. Wright stated in his affidavit that he has no specific recollection of taking the Plaintiff to the shower on October 13, 2004, but that is something he does on a regular basis.  He further stated he does not recall Plaintiff stating to him that there was no shower mat in place on any occasion he escorted Plaintiff to the shower. (Aff. of Lovett, Wright).

Officer Lovett stated that when he came to take Plaintiff out of the shower and escort him back to his cell, he handcuffed the plaintiff and opened the shower door for the plaintiff to exit the shower.  While the plaintiff was coming out of the shower, Off. Lovett had turned his head due to some other activity in the area and did not see the Plaintiff fall, but when he turned back around the plaintiff was on the floor.  He immediately notified his supervisor, Lt. Dekreon, who called the medical personnel to come to the scene.  He stated that he waited on the medical personnel to arrive and did not try to move the plaintiff or get him up until after medical personnel arrived.  Once medical personnel arrived, Plaintiff was placed on a stretcher to be taken to the medical department.  Other officers

escorted the plaintiff to the medical department and he did not go with the plaintiff to the medical department. He had no further involvement with the situations involving the plaintiff. Wright was not present when Plaintiff fell. (Aff. of Lovett, Wright).

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motion should be granted and this action be deemed a "strike".

The Plaintiff in this action has alleged nothing more than mere negligence[2] in relation to his fall in the shower. To the extent the Plaintiff is alleging Defendants' Wright and Lovett were negligent or grossly negligent for failing to place a shower mat outside the shower, which is accepted as true for purposes of this motion, it appears that the action should be dismissed because that simply does not rise to the level of an actionable constitutional tort.

It is well settled that the constitution is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property. Where a governmental official is negligent or even grossly negligent in causing the injury, as here, no violation of any constitutional right has

---

[2] Plaintiff argued that he is not merely alleging negligence on the part of the defendants, but rather, gross negligence.

occurred. <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986). Neither the eighth nor the fourteenth amendment afford protections against negligence. <u>See</u>, <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991) (acts must be malicious, sadistic, for the very purpose of causing harm, to violate the Eighth Amendment); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (negligence does not state a substantive or a procedural due process claim).

Additionally to the extent the plaintiff complains that the defendants did not follow SCDC procedure by failing to put mats down in the shower area, no claim is stated. Section 1983 was intended to vindicate only federal rights determined under federal substantive law, not claims arising under state laws or regulations. <u>Paul v. Davis</u>, 424 U.S. 693, 701 (1996); <u>Weller v. Department of Soc. Servs.</u>, 901 F.2d 387, 392 (4th Cir. 1990).

The plaintiff also claims that his grievance was handled improperly, which also fails to state a cause of action under § 1983. If an inmate's grievance was not handled in accordance with prison procedure, the inmate has no constitutional right to have the state comply with its own procedures because there is no constitutional right to participate in a prison grievance procedure at all. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988), <u>cert. den.</u>, 488 U.S. 898; <u>Buckley v. Barlow</u>, 997 F.2d 494 (8th Cir. 1993). The plaintiff's claims regarding how his grievance was handled should

8

be dismissed as well.

Additionally, since Plaintiff did not allege a violation of clearly established law of which a reasonable official should have known, the defendants are entitled to summary judgment on the grounds of qualified immunity, as well. See, Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982).

Further, named defendant Dekreon has never been served a copy of the summons and complaint although the action was filed nearly a year ago. Marshal's records indicate that he no longer is employed at the prison where plaintiff attempted to serve him. As a result it appears that he should be dismissed for lack of service and lack of personal jurisdiction.

Finally, § 804 of the PLRA, amended § 1915(g), and reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Based upon the foregoing, it appears dismissal of this action should be characterized as frivolous, malicious, and failing to state a claim upon which relief may be granted, and should be designated as a "strike".

9

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion for summary judgment be granted, all other outstanding motions be deemed moot, and the Clerk directed to count this action as a "strike" pursuant to 28 U.S.C. § 1915(g).

                                Respectfully Submitted,

                                Robert S. Carr
                                United States Magistrate Judge

Charleston, South Carolina

January 20, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11