IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maurice Demond Lowery, #172345, | ) | |
| a/k/a Maurice Lowery, | ) | |
| a/k/a Maurice D. Lowery, | ) | |
| a/k/a Lord Musa God Aliah, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:2:06-00510-TLW-RSC |
| | ) | |
| Anthony Wright, Sgt.; Silas Lovett, Officer; | ) | |
| Scott Dekreon, Lt.; Scott Lewis, Major; and | ) | |
| Ms. Holmes, Grievance Official, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER

The plaintiff, Maurice Demond Lowery, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, on February 27, 2006. (Doc. #1). The plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Correction (SCDC). Plaintiff alleges that the defendants violated his constitutional rights by failing to place a shower mat in the shower causing him to fall and injure his back while exiting the shower on October 13, 2004. Plaintiff sued defendants in their individual capacities only and seeks damages and equitable relief. The complaint named as defendants Sargeant Anthony Wright, Officer Silas Lovett, Lieutenant Scott Dekreon, Major Scott Lewis, and Grievance Official Ms. Holmes. (Doc. #1).[1] On July 6, 2006, the defendants

---

[1] Lieutenant Scott Dekreon has never been served with a copy of the summons and complaint.

1

moved for summary judgment on plaintiff's claims. (Doc. #19). An Order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was issued on July 7, 2006, advising the plaintiff of the importance of a motion for summary judgment. (Doc. #30). The plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case. <u>Id</u>. The plaintiff filed a response on August 11, 2006. (Doc. #32).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned. (Doc. #46). In the Report, Magistrate Judge Carr recommends that "the defendants' motion should be granted and this action be deemed a "strike.'" (Doc. #46). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court accepts the Report. (Doc. #19). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #46), and that the defendants' motion for summary

judgment be **GRANTED** (Doc. #19) ending all matters pursuant to this action.[2]

    **IT IS SO ORDERED**.

                                                      s/Terry L. Wooten

                                                Terry L. Wooten
                                                United States District Judge

February 28, 2007
Florence, South Carolina

---

[2]This Order renders any outstanding motions **MOOT**.